# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:22-CV-00138-KDB-DSC

| | |
|---|---|
| FRONT ROW MOTORSPORTS INC. and ROBERT A. JENKINS,<br><br>    Plaintiffs,<br><br>    v.<br><br>MICHAEL DISEVERIA and RONALD C. DEVINE,<br><br>    Defendants. | **STIPULATION AND PROTECTIVE ORDER** |

This Stipulation and Protective Order is entered into by and between Plaintiffs Front Row Motorsports Inc. and Robert A. Jenkins and Defendants Michael DiSeveria and Ronald C. Devine through their respective attorneys, for the purpose of facilitating discovery, and expressly applies to any information produced by the parties in discovery the above-captioned case.

It is hereby stipulated that:

1. In connection with the production or disclosure of any document or documents (as defined by the Federal Rules of Civil Procedure and including computer data), things, interrogatory answers, deposition transcripts, or other information that any party believes to be subject to this Protective Order, a party may designate the same "CONFIDENTIAL."

2. Under this Protective Order, "Confidential Information" shall mean and include documents (including computer data), portions of documents, answers to interrogatories, responses to requests for admissions of fact, trial or hearing testimony, depositions, transcripts of depositions and information derived therefrom deemed by a party to be Confidential Information belonging to them. The party claiming that the information requires protection through the use of

the "CONFIDENTIAL" designation shall continue to bear the burden of persuasion and proof with respect to that information.

3. All Confidential Information designated as "CONFIDENTIAL" shall not be disclosed by the parties to anyone other than those persons designated herein and shall be handled in the manner set forth below unless and until such designation is removed either by agreement of counsel for the parties or by order of the Court.

4. Information designated "CONFIDENTIAL" shall be subject to this Protective Order, and disclosure by the parties of documents or things (or any portion thereof) marked "CONFIDENTIAL," shall be limited: (a) to the attorneys who are counsel of record in the litigation of this matter on behalf of the parties, the parties' in-house counsel, outside copy and information technology services, and to such other personnel employed by said attorneys at their respective law firms for the purposes of prosecuting and defending the claims in the above case; (b) to stenographic personnel, witnesses, independent experts, and provided each individual has read this Protective Order in advance of disclosure, and has executed a Certification to be bound by its terms; (c) to personnel of the parties in the above case, provided each such individual has read this Protective Order in advance of disclosure and has executed a Certification to be bound by its terms; (d) to individuals who have had prior legitimate access to the information; and (e) to the United States District Court for the Western District of North Carolina, including the Court's clerks and staff but only in accordance with paragraph 12 and/or 13 hereof. A Certification Regarding Confidentiality to be executed by each such individual specified by clauses (b) and (c) of this paragraph is attached hereto as Exhibit A. For purposes of this Protective Order, the term "independent expert" is defined to mean a testifying or consulting expert retained by a party for purposes of assisting in this litigation.

5. The party retaining an independent expert or disclosing Confidential Information shall keep original signed Certifications and copies of Certifications need not be produced to the opposing party or any non-party to this litigation except on demonstration of good cause.

6. All original and copies of documents or things and portions thereof designated under this Protective Order shall be either: (a) returned to the producing party at the conclusion of the above case and notes made thereon or about such documents or things shall be destroyed by the attorneys for the receiving party; or (b) destroyed by the party in possession of said documents except that the party receiving the Confidential Information and/or its counsel of record may maintain archive copies of all pleadings, correspondence, depositions, deposition transcripts and exhibits, trial transcripts, and trial exhibits, together with any attorney work product, provided that the archive copies are appropriately marked as "CONFIDENTIAL" and maintained confidential in accordance with this Protective Order. If the receiving party chooses to destroy the documents pursuant to (b), it must do so within twenty-one days after the conclusion of this case, and after destruction, it shall send a confirmation letter to the producing party that the documents have been destroyed.

7. The persons identified in paragraph 4 shall be prohibited from using any information contained in any documents, things, deposition transcripts, answers to interrogatories, answers to requests for admissions, or other discovery, which is designated "CONFIDENTIAL" in any way outside the scope of this litigation or from disclosing the contents of the documents, things, discovery, or information so designated (or portions thereof) to any other person, entity, board or agency, except as otherwise agreed upon in writing by the designating party, or except as permitted by subsequent court order. Any person, entity, board or agency shall agree, through the appropriate individual or representative, to be bound by the terms and conditions of this Protective

Order by executing the Certification attached as Exhibit A, and to subject himself, herself and/or the entity or agency he or she represents to the jurisdiction of this Court solely for the enforcement of this Protective Order. Any person to whom the documents or things or portions thereof are disclosed pursuant to this Protective Order shall be provided a copy of this Protective Order and directed not to reveal the contents thereof for any purpose other than as permitted in this Protective Order or a subsequent court order.

8. Third-party witnesses involved in this litigation that agree to be bound by the terms of this Protective Order may designate Confidential Information that they produce as "CONFIDENTIAL" provided that said third-party has read this Protective Order and has executed a Certification to be bound by its terms.

9. Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of one of the parties:

    a. said deposition or portions thereof shall be designated as containing Confidential Information subject to the provisions of this Protective Order; such designation shall be made on the record whenever possible, but parties may designate portions of depositions as containing Confidential Information after transcription; the parties shall have twenty days after receipt of the deposition transcript within which to inform the parties to the action of the portions of the transcript designated "CONFIDENTIAL."

    b. The parties shall have the right to exclude from attendance at said deposition during such time as the Confidential Information is to be disclosed, any person other than the deponent, counsel of record (including their staff and associates), the court reporter, and those permitted disclosure to such information under this Protective Order; and

    c. The originals of said deposition transcripts and all copies thereof shall bear the legend "CONFIDENTIAL" as appropriate, and the original shall at the time of filing with the Court be sealed, identified as being subject to this Protective Order, and not opened except by order of this Court.

10. Whenever during a deposition of a third-party to this litigation a party desires to disclose Confidential Information marked "CONFIDENTIAL":

a. the parties shall abide by the terms set forth in paragraph 9 of this Protective Order; and

b. no disclosure of Confidential Information shall be made to any party not authorized to view such information by the terms of this Protective Order (whether through exhibits, questions, or otherwise) unless the person to whom the disclosure is to be made has read this Protective Order and executed a Certification to be bound by its terms. If a third-party refuses to read this Protective Order or execute a Certification to be bound by its terms, that party's refusal shall be noted on the record. At that time, counsel for the parties shall engage in good-faith negotiations in an attempt to agree on a manner in which this information can be disclosed or topic otherwise conveyed to the witness while preserving the interests of the party objecting to disclosure. If counsel for the parties cannot agree as to the propriety of revealing Confidential Information to the third-party deponent, no Confidential Information may be disclosed to the deponent, the deposition shall proceed on other non-confidential issues, and the deposition shall be continued until the disagreement is adjudicated by the Court.

11. In the case of documents or other information produced by third parties that the parties believe, in good faith, to contain Confidential Information, the parties may designate them as such by providing written notice to all other parties within twenty days of receipt of the documents by its counsel. To the extent practicable, such notice shall include a specific identification of each document designated as Confidential Information by Bates number or other unique identifier.

12. If a party desires to file with the Court any information produced or supplied pursuant to the terms of this Protective Order, including documents, things, deposition testimony, answers to interrogatories, answers to requests for admissions, or portions thereof, designated as "CONFIDENTIAL" in support of any submission, the party shall file a motion to seal in accordance with LCvR 6.1 of the Rules of Practice and Procedure of the United States District Court for the Western District of North Carolina and all materials designated as "CONFIDENTIAL" shall be filed in a sealed envelope marked on the outside with the title of the

action, and identification of each document or thing within and a statement substantially in the following form: "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER".

13. If a party desires to use information produced or supplied pursuant to the terms of this Protective Order at hearings and trials in the above-captioned case, prior notification must be given to counsel for the producing party, and if a stipulation cannot be reached between the parties concerning the protection of Confidential Information during a hearing or trial (for example, removal of non-parties from the courtroom during presentation of such Confidential Information), the producing party must be given reasonable opportunity to seek relief directly from the Court.

14. The restrictions set forth in this Protective Order shall not apply to information or material that: (1) was, is, or becomes public knowledge, not in violation of this Protective Order; (2) is acquired by a party from a third-party who is not known to be in violation of confidentiality obligations owed to that party; or (3) was lawfully possessed by a party or witness prior to the entry by the Court of this Protective Order.

15. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action or any other action or proceeding. Moreover, neither the failure to designate information in accordance with this Protective Order nor the failure to object to a designation at a given time shall preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Protective Order shall be without prejudice to the right of either party to bring before the Court at any time the question of whether particular information is or is not in fact appropriately designated. At any time after receiving information which has been designated as "CONFIDENTIAL", any party may object to the designation of information as "CONFIDENTIAL" by providing written notice to that effect to the designating

party. After first attempting to resolve any objections by agreement, either party may move the Court for a ruling regarding whether the information in question qualifies as "CONFIDENTIAL" information. The burden of demonstrating any specific information or document is "CONFIDENTIAL" is on the party claiming its confidentiality. The "CONFIDENTIAL" status of the information shall be maintained pending the Court's ruling.

16. This Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery or to object to a requested inspection of documents or things. Nothing in this Protective Order shall in any way affect the admissibility or use at trial or hearings in this action of the Confidential Information produced pursuant to this Protective Order. The inadvertent or unintentional disclosure by a party of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.

17. In the event anyone shall violate or threaten to violate the terms of this Protective Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such violation or threatened violation, and in the event the aggrieved party shall do so, the respondent, subject to the provisions of this Protective Order, shall not employ as a defense thereto any claim that the aggrieved party possesses an adequate remedy at law. In the event that a party files a motion, claim or action seeking to prevent the violation of this Protective Order, to enforce the terms of this Protective Order or to sanction a party for the alleged violation or threatened violation of this Protective Order, the prevailing party on the motion, claim or action shall be entitled to reimbursement of all costs. The parties and any other person subject to the terms

of this Protective Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Protective Order, notwithstanding any subsequent dispositions of this action.

18. If a party or other signatory to this Protective Order or a Certification of it receives a court order or subpoena for documents that have been designated as "CONFIDENTIAL" by another party in accordance with this Stipulation, the party or individual receiving the subpoena or court order shall promptly notify the designating party and furnish it with a copy of said subpoena or other process order. At least ten days after notifying the designating party of such subpoena, the subpoenaed party and his/her agents shall be entitled to comply with the subpoena, unless the designating party has filed for or succeeded in obtaining an order modifying or quashing the subpoena. If the return or response date for any such subpoena or the compliance date for any such order is less than ten days after service thereof, the subpoenaed party shall: (1) request an extension of the return or compliance date; and (2) advise the designating party immediately of such return or compliance date.

19. The inadvertent or unintentional disclosure by a party of any documents or information protected by the attorney-client privilege, attorney work product protection, or any other applicable privilege, shall not be deemed a waiver in whole or in part of that party's claim of privilege, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Inadvertent or unintentional failure to designate, redact, withhold or otherwise protect privileged information may be remedied by supplemental written notice sent to all signatories to this Protective Order. If such notice is given, the subject documents or information, including all copies thereof, shall be immediately returned to the producing party and no person shall be entitled to use, refer to or rely upon such privileged

{00082-0003/00063737-1}                                8

Case 3:22-cv-00138-DSC   Document 22   Filed 01/05/23   Page 8 of 11

information for any purpose, unless and until such person obtains an order from the Court that such information is not privileged for reasons other than the fact that the production or disclosure waived the privilege in question. To the extent that the party receiving privileged information seeks an order from the Court that such documents or information are not privileged, outside counsel for that party may retain the documents or information for the sole purpose of obtaining such an order and may not disclose such documents or information to any other person or entity other than the Court, whether or not that person or entity is identified in this Protective Order. If the receiving party desires to file the inadvertently or unintentionally disclosed documents or information with the Court, it may do so consistent with the provisions set forth in paragraph 12 of this Protective Order. Where a party is unsuccessful in obtaining an order from the Court, it shall immediately return the documents or information, including all copies thereof to the producing party.

[*The remainder of this page is intentionally left blank*]

20.  This Protective Order has no effect upon, and shall not apply to, the parties' use of their own Confidential material for any purpose.

**SO ORDERED**.  Signed: January 5, 2023

_____
David S. Cayer
United States Magistrate Judge

WE CONSENT:

---

Daniel S. Trimmer
*Attorneys for Plaintiffs*

Daniel S. Trimmer
N.C. Bar. No. 44858
Ronald A. Skufca
N.C. Bar No. 25649
SKUFCA LAW PLLC
1514 S. Church Street, Suite 101
Charlotte, North Carolina 28203
Telephone: (704) 376-3030
Fax: (704) 376-8522
E-mail: dan@skufcalaw.com
E-mail: ron@skufcalaw.com

Jeffery C. Grady
N.C. Bar. No. 32695
J. GRADY LAW, PLLC
2300 East Seventh Street, Suite 100
Charlotte, NC 28204-3313
Telephone: (704) 333-7800
E-mail: jeff@jgradylaw.com

John C. Woodman
*Attorneys for Defendants*

John C. Woodman (NC Bar No. 42365)
E-mail: jwoodman@essexrichards.com
David DiMatteo (NC Bar No. 35254)
E-mail: ddimatteo@essexrichards.com
Essex Richards, P.A.
1701 South Boulevard
Charlotte, North Carolina 28203
Tel: (704) 377-4300
Fax: (704) 372-1357
*Local Counsel for Defendants*

Trevor B. Reid (VSB #77233)
treid@parkerpollard.com
Stephen E. Scarce (VSB #42395)
sscarce@parkerpollard.com
Parker, Pollard, Wilton & Peaden, P.C.
6802 Paragon Place, Suite 205
Richmond, Virginia 23230-1655
(804) 262-3600 – telephone
(804) 262-3284 – facsimile
*Pro Hac Vice Counsel for Defendants*

# **EXHIBIT A**

## Certification Regarding Confidentiality

I, _____, hereby state and certify that I have been provided with a copy of and have read the terms of the Protective Order in the matter of *Front Row Motorsports, Inc., et. al. v. Michael DiSeveria, et. al.* pending in the United States District Court for the Western District of North Carolina, Civil Action No. 3:22-cv-00138-DSC, attached hereto, and that I agree to be bound by the terms of that Protective Order, and subject myself to the jurisdiction of the United States District Court for the Western District of North Carolina for purposes of enforcement of the terms of that Protective Order.

NAME: _____

TITLE: _____

DATE: _____