IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:22-cv-00138-SCR

| | |
|---|---|
| FRONT ROW MOTORSPORTS, INC., and ROBERT A. JENKINS,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL DISEVERIA and RONALD C. DEVINE,<br><br>Defendants. | **CONSENT ORDER GRANTING DEFENDANTS' SUPPLEMENTAL MOTION FOR APPROVAL OF APPEAL BOND** |

**THIS MATTER** is before the Court upon the Supplemental Motion for Approval of Appeal Bond (the "Motion") [D.E. 116] filed by defendants Michael DiSeveria and Ronald C. Devine ("Defendants") pursuant to Rule 62(b) of the Federal Rules of Civil Procedure. After a careful review, and noting the consent of Plaintiffs Front Row Motorsports, Inc. and Robert A. Jenkins ("Plaintiffs") to the relief sought, the Court **GRANTS** the Motion upon the terms set forth in this Consent Order, and **DENIES** the Defendants' Motion for Approval of Appeal Bond [D.E. 112] as moot.

1. On June 28, 2024, following a bench trial, this Court entered an Order and Judgment (the "Judgment") in favor of Plaintiffs and against Defendants in the total amount of $2,499,241.98, plus pre-judgment interest from April 1, 2022, plus post-judgment interest. [D.E. 106, 107]. Additionally, the Court awarded Plaintiffs costs of $13,833.08. Plaintiffs calculate the prejudgment interest, calculated at the applicable North Carolina rate of 8% from April 1, 2022, to June 28, 2024, to total $448,631.05. See Pls.' Calculation of Pre-Judgment Interest [D.E. 109]. Defendants do not dispute Plaintiffs' calculation. [D.E. 112].

2. On July 18, 2024, Defendants filed a Notice of Appeal from the Judgment [D.E. 113] and the appeal is currently pending before the Fourth Circuit.

3. Pursuant to Rule 62(b) of the Federal Rules of Civil Procedure, at any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.

4. Defendants propose, and Plaintiffs have agreed to accept, the Irrevocable Letter of Credit dated August 16, 2024 (the "Revised LOC") from WesBanco Bank (the "Bank"), a copy of which is attached as Exhibit A to the Motion [D.E. 116-1], in favor of Plaintiffs in the amount of $3,400,000.00 as security for the Judgment pending appeal.

5. Given Plaintiffs' consent to the relief requested in the Motion and to the security offered by Defendants and upon the record before it, the Court finds that a stay of execution of the Judgment and proceedings to enforce it pending appeal is warranted in this matter and that the Revised LOC constitutes sufficient security to protect Plaintiffs during the pendency of the appeal. The form of the Revised LOC is approved.

6. Capitalized terms not defined herein have the meanings ascribed to them in the Motion. "Appeal" means the appeal currently pending in the United States Court of Appeals for the Fourth Circuit, Case No. 24-01626.

7. When Bank has issued its irrevocable letter of credit in the approved form of the Revised LOC, in the amount of Three Million Four Hundred Thousand and 00/100 Dollars ($3,400,000.00) (such letter of credit, as issued, hereafter the "Letter of Credit"), Defendants shall submit the Letter of Credit to Plaintiffs in care of their counsel, Daniel S. Trimmer, Esq., and file a copy with the Court via CM/ECF together with a certification that the letter of credit has been

submitted to Plaintiffs' counsel. Upon the filing of such certification, execution on the Court's judgment herein, and proceedings to enforce the judgment, shall be stayed pursuant to Fed. R. Civ. P. 62(b).

8. The Court hereby stays execution on the Judgment and proceedings to enforce it during the pendency of the appeal and permits Defendants to provide Plaintiffs with the Letter of Credit in favor of Plaintiffs in the amount of $3,400,000.00 pursuant to the following procedures:

    a. Should the Fourth Circuit affirm the Judgment, in whole or in part, the stay shall extend for an additional twenty-one (21) days following the issuance of the mandate from the Fourth Circuit to permit Defendants to voluntarily satisfy the full amount of the affirmed Judgment.

    b. If, during such twenty-one (21)) day period, Defendants fail to voluntarily satisfy the full amount of the affirmed Judgment, Plaintiffs (jointly and severally) may apply to the Court for an Order granting one or both Plaintiffs the right of execution against the Letter of Credit and directing the Bank to pay, upon presentment of such Order, the affirmed amount of the Judgment (including costs and interest) to one or both Plaintiffs. For the avoidance of doubt, Plaintiffs are permitted to collect against the Letter of Credit whatever amount of the Judgment the Fourth Circuit may affirm on appeal, including post-judgment interest accruing on the affirmed amount at 5.10% from June 29, 2024 through the date of collection under the Letter of Credit. Also for the avoidance of doubt, Plaintiffs, either individually or collectively, may not collect against Defendants or the Letter of Credit a total amount that is more than the affirmed amount of the Judgment, including post-judgment interest accruing on the affirmed amount at 5.10% from June 29, 2024 through the date of collection.

c.  If, on the other hand, during such twenty-one (21) day period, Defendants voluntarily satisfies the full amount of the affirmed Judgment or if the Fourth Circuit reverses or vacates the Judgment in its entirety (whether or not the Fourth Circuit remands the case for a new trial), Defendants may apply to this Court for an Order releasing Defendants' and the Bank's obligations under the Letter of Credit. Upon entry of such Order and presentment thereof to the Bank, the Letter of Credit will expire and all obligations arising thereunder shall be released.

d.  If a motion for entry of an order under subsection (b) or (c) is filed with the Court, the other party shall have seven (7) days to file any objection thereto. If no objection is filed, the Court will enter the order without further notice or hearing.

9.  If the Letter of Credit expires, the stay of execution shall expire automatically.

10.  No draft or order for payment shall be presented to the Bank except in accordance with this Order.

**11.**  Accordingly and pursuant to the procedures outlined above, the Motion is **GRANTED.**

12.  The Court shall retain jurisdiction over this matter to hear and determine any disputes regarding the Letter of Credit or any drawings thereon.

13.  The Clerk is directed to send copies of this Order to counsel for the parties.

**SO ORDERED.**  Signed: September 12, 2024

Susan C. Rodriguez
United States Magistrate Judge